## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : : | CRIMINAL ACTION |
| v. | : : | |
| GEORGE GRIFFIN | : : | NUMBER 23-33-RGA |

### MOTION TO SUPPRESS NOKIA CELL PHONE SEIZED PURSUANT TO AN UNLAWFUL SEARCH AND SEIZURE

TO THE HONORABLE RICHARD G. ANDREWS, JUDGE OF THE SAID COURT:

The Defendant, GEORGE GRIFFIN, by his attorney, Mark S. Greenberg, Esquire, respectfully represents:

1. The defendant George Griffin has been charged in a second superseding indictment with possession with intent to deliver a substance containing a detectable amount of cocaine (Count One); a substance containing a detectable amount of methamphetamine (Count Two); and possession of four firearms by a person prohibited (Count Three).

2. The charges stem from the discovery of alleged cocaine, methamphetamine and firearms inside of an apartment rented by Frank White located at 2249 Melson Road, Apartment D-37, Wilmington, DE on September 9, 2022; and, the discovery of cocaine inside the engine compartment of a 2006 Volkswagen SUV allegedly operated by Griffin.

3. The instant motion seeks to suppress a Nokia cell phone that was seized without a warrant from inside the glove compartment of the Volkswagen SUV on November 23, 2022 while the vehicle was being impounded by the Newark police. As more fully developed below, the November 23rd search was conducted for "the sole purpose of investigation" and thereby

      makes it an unlawful search. Griffin now relates the circumstances of the seizure of the Nokia cell phone.

4. On or about September 8, 2022, Task Force Officer Kashner of the Newark Police Department obtained a search and seizure warrant for the Volkswagen SUV. The warrant directed that the search of the vehicle take place no later than ten days from the date the warrant had been issued; making the expiration date September 18, 2022. The warrant is attached as an exhibit and its temporal scope can be found on page one.

5. After Griffin's arrest on September 9th, a search of the Volkswagen SUV was conducted. Cocaine, the subject of Count One, was found secreted inside the engine block of the vehicle. An iPhone 13 was seized as well. An inventory of the search is attached as an exhibit reflecting the seizure of the cocaine and the iPhone 13 on September 9, 2022.

6. Over two months later, on November 23, 2022, Newark Police ostensibly conducted an "inventory" search of the Volkswagen SUV after a forensic examination of the iPhone 13 did not reveal any "relevant communications." Attached as an exhibit is a Rule 41 warrant generated by S.A. Marqui Brockenbrough, Department of Homeland Security, after the discovery of the Nokia setting forth the circumstances surrounding its seizure. S.A. Brockenbrough prepared the Rule 41 warrant to search the contents of the Nokia after it had been seized on November 23rd. Griffin directs the Court's attention to paragraphs 26 and 27 which reflect that the Nokia was seized without a warrant and for the sole purpose of investigation.

7. Griffin recognizes that an inventory search of a vehicle in accordance with standard police practices is reasonable. This "caretaking function" is designed to protect the owner's property while it is in police custody; to protect the police against claims or disputes over lost or

      stolen property; and, to protect the police from potential danger. South Dakota v. Opperman, 428 U.S. 364 (1976). By contrast, a warrantless search of an impounded vehicle is unreasonable and a violation of the Fourth Amendment when it is designed for the "sole purpose of investigation." See Florida v. Wells, 495 U.S. 1, 4 (1990) ("'the individual police officer must not be allowed so much latitude that inventory searches are turned into "a purposeful and general means of discovering evidence of crime'"); Colorado v. Bertine, 479 U.S. 367, 372 (1987) (search of impounded vehicle designed for the "sole purpose of investigation" unreasonable).

8.    Here, it is unassailable that the discovery of the Nokia on November 23, 2022, ten **weeks** after Griffin's arrest and the impoundment of his vehicle, was for the "sole purpose of investigation." The Rule 41 warrant tells us so in paragraph 26:

> Because of the lack of the relevant communications in the iPhone, agents believed that there was an additional phone in GRIFFIN'S vehicle that was not found during the execution of the search warrant.

This passage couldn't be any plainer: the "sole" purpose of this November 23rd search of the Griffin's vehicle was to continue the criminal investigation of Griffin and find additional incriminating evidence against him through the forensic search of the Nokia's contents. This is the antithesis of a proper inventory search.

9.    The Court should exercise its discretion and consider the instant motion even though it technically has been filed out-of-time. Undersigned counsel is Griffin's third lawyer. The Court permitted his first two attorneys to withdraw because the attorney/client relationship had broken down. As for Griffin, his loss of trust is understandable because prior counsel unaccountably neglected to file a viable motion to suppress the Nokia.

10.  The government will not be prejudiced if the Court considers the motion. The motion frankly can be decided on the papers alone. In any event, the pretrial conference is scheduled for December 18th, giving the government plenty of time to respond and present witnesses should the circumstances warrant. Thereafter, the Court would have until the January 8, 2024 trial date to rule on the motion. Neither prejudice to the government nor disruption to the Court's orderly docket is a factor here.

WHEREFORE, for the reasons stated herein, Griffin moves to suppress the Nokia cell phone.

Respectfully submitted,

/s/ Mark S. Greenberg

_____
MARK S. GREENBERG, ESQUIRE
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : : | CRIMINAL ACTION |
| v. | : : | |
| GEORGE GRIFFIN | : : | NUMBER 23-33-RGA |

**ORDER**

AND NOW, this _____ day of _____, 2023, it is HEREBY ORDERED and DECREED that defendant's Motion to Suppress the Nokia cell phone is granted.

BY THE COURT:

_____

1