IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>GEORGE GRIFFIN,<br><br>        Defendant. | Criminal Action No. 23-33-RGA |

MEMORANDUM ORDER

Before me is Defendant's amended motion to suppress evidence. (D.I. 55; *see also* D.I. 54 (original motion)). The parties agreed to include within the scope of the amended motion both a Nokia cell phone and an iPhone 11, recovered during warrantless searches of Defendant's 2006 SUV Volkswagen on November 23, 2022 and December 12, 2023 respectively. (D.I. 59 at 1; D.I. 61 at 1). I have considered the parties' briefing. (D.I. 54, 55, 59, 61, 66). I heard further arguments from both parties at the pre-trial conference on December 21, 2023. The parties agreed during briefing (D.I. 59 at 4 n.3; D.I. 61 at 6 n.4) and at the pretrial conference that there was no need for an evidentiary hearing. For the reasons set forth below, this motion is DENIED.

Defendant also filed motions in limine to exclude evidence of controlled buys and field test results. (D.I. 51, 58). At the pre-trial conference, I granted Defendant's motion to exclude the field test results. At my request, the government proffered additional information regarding their intended use of the controlled buys evidence for a proper purpose under FED. R. EVID. 404(b). (D.I. 70). I have also considered Defendant's response. (D.I. 72). I will address the Rule 404(b) motion separately.

1

Defendant moves to suppress on the basis that the phones were recovered during illegal inventory searches. (D.I. 55 ¶¶ 3, 7). The government maintains that searches are permissible under the automobile exception. (D.I. 59 at 5–9). Defendant argues that I should ignore the government's automobile exception argument and analyze permissibility of the searches solely under the inventory search framework because the law enforcement officers handling the case "represented that the seizure of the Nokia resulted from a 'thorough inventory' of the vehicle." (D.I. 61 at 1–2 (citing D.I. 55-3 ¶ 27; D.I. 59-1 ¶ 26)). I disagree. As the government points out, the officers' use of the term "inventory" does not necessarily mean the officers were purporting to conduct an inventory search rather than an investigatory search. (D.I. 66 at 1–2). More importantly, a finding that the law enforcement officers did treat these searches as inventory searches does not prevent the government from invoking the automobile exception. *See United States v. Nasir*, 17 F.4th 459, 465–67, 466 n.7 (3d Cir. 2021) (affirming denial of a motion to suppress based on the automobile exception even though the law enforcement officer and the government attorneys originally framed the search as an inventory search).

Defendant also maintains the automobile exception imposes some temporal constraints on the government's ability to perform warrantless searches. Defendant points out that the longest delay between seizure of a vehicle and a subsequent search in the government's cited cases is thirty-eight days, compared to the delays in the present case of two-and-one-half and fifteen months. (D.I. 61 at 3 (citing *United States v. Gastiaburo*, 16 F.3d 582 (4th Cir. 1994)). The government's cited cases, however, still support the proposition that the automobile exception does not impose a "temporal limit." *See United States v. Johns*, 469 U.S. 478, 484 (1985) ("The Court of Appeals concluded that *Ross* allows warrantless searches of containers only if the search occurs immediately as part of the vehicle inspection or soon thereafter.

Neither *Ross* nor our other vehicle search cases suggest any such limitation." (referencing *United States v. Ross*, 456 U.S. 798 (1982)) (cleaned up)); *Gastiaburo*, 16 F.3d at 587 ("Not a single published federal case speaks of a 'temporal limit' to the automobile exception."); *United States v. McHugh*, 769 F.2d 860, 865 (1st Cir. 1985) ("[T]he lawful search of a vehicle is not restricted temporally."). This conclusion comports with the Supreme Court's rationale "allowing warrantless searches of vehicles in part on the diminished expectation of privacy in a vehicle." *See United States v. Donahue*, 764 F.3d 293, 301 (3d Cir. 2014) ("The degree of expectation of privacy does not expand during the time that the government possesses the vehicle. Indeed, if anything, the seizure may lessen it."). It is also in line with the Court's history of interpreting the automobile exception "so expansively that the Court essentially has obviated the requirement that the government obtain a warrant to search a vehicle provided it has probable cause to believe that the vehicle contains evidence of a crime." *See Donahue*, 764 F.3d at 295.

      The government faces no temporal constraints under the automobile exception and Defendant does not challenge whether probable cause existed at the time of the vehicle's initial seizure. Assuming that the government was required to show probable cause for the two challenged searches at the time of the searches, the affidavits in support of the search of the contents of the two phones (D.I. 59-1; D.I. 59-2) explain that such probable cause existed based on the new information that the contents of earlier seized phones did not contain information they were expected to contain. I will not suppress the two phones.

For the reasons stated above, Defendant's amended motion to suppress evidence (D.I. 55) is **DENIED**. The unamended motion to suppress evidence (D.I. 54) is **DISMISSED** as moot.

IT IS SO ORDERED.

Entered this 2nd day of January, 2024

/s/ Richard G. Andrews
United States District Judge