IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>GEORGE GRIFFIN,<br><br>    Defendant. | Criminal Action No. 23-33-RGA |

<u>MEMORANDUM ORDER</u>

Defendant filed a motion in limine to exclude Rule 404(b) evidence concerning two "controlled buys" made from Defendant on August 3, 2022, and September 6, 2022. (D.I. 51; FED. R. EVID. 404(b)). The motion has been briefed and argued. (D.I. 51, 62, 68, 70, 72). For the reasons set forth below, this motion is DENIED.

**I.  RULE 404(B)**

The two controlled buys are offered in connection with proving Count II of the Indictment, a charge of possession with intent to distribute methamphetamine on September 9, 2022. (D.I. 39 at 1). To be admissible, evidence of uncharged crimes must have a proper purpose under Rule 404(b). "If the court admits evidence of uncharged acts, the district court must 'articulate, with precision, a chain of inferences that does not contain a propensity link.'" *United States v. Bailey*, 840 F.3d 99, 127 (3d Cir. 2016). The chain of inferences that the government relies on is as follows:

- Officers found more than 700 grams of methamphetamine inside a trunk in Frank White's apartment on September 9, 2022. (D.I. 62 at 1, 4). Mr. White is expected to

1

testify that he had been storing the trunk for Defendant beginning in early August 2022. (D.I. 62 at 4; D.I. 70 at 2).

- Defendant sold small amounts of methamphetamine to an informant (who will not testify) in controlled buys on August 3, 2022 and September 6, 2022. (D.I. 62 at 6–7). To complete these transactions, Defendant must have had access to methamphetamine near these dates.

- As shown by cell phone location data and Mr. White's expected testimony, Defendant frequently visited Mr. White's apartment during August and September 2022. (D.I. 62 at 4; D.I. 70 at 2–4). These visits provided Defendant with access to the trunk and the methamphetamine stored inside the trunk during this time period. One such visit occurred on September 4, 2022, which means that Defendant was at Mr. White's apartment shortly before the controlled buy on September 6, 2022. (D.I. 70 at 4).

- These circumstances provide a reasonable inference that the methamphetamine sold by Defendant to the informant at the September 6th sale was obtained on September 4th from the stash in the trunk in Mr. White's apartment. A similar, but less persuasive (due to the passage of time and lack of meaningful phone location data for the preceding days), inference arises from the August 3rd controlled buy. (D.I. 70 at 1–2).

- If Defendant acquired the methamphetamine that he sold from the stash in his own trunk, then the strong inference is that Defendant knew that the methamphetamine existed in the trunk. If Defendant was able to obtain methamphetamine from the trunk in Mr. White's apartment for his transactions, the inference is that Defendant had the ability to control the methamphetamine. Therefore, the jury could infer Defendant had constructive

possession of the methamphetamine in the trunk, notwithstanding that it was in Mr. White's apartment.

- This conclusion does not change if we assume that the jury concludes Mr. White had some ability to control the methamphetamine because of its location within a trunk in his apartment. Mr. White's act of storing the trunk on behalf of Defendant and Defendant's ability to retrieve the methamphetamine from the trunk for transactions raise the inference that Defendant also had some control over that methamphetamine. This conclusion would be consistent with the theory that Defendant and Mr. White had joint possession of the methamphetamine.

The government intends to use the controlled buys evidence to prove Defendant constructively possessed the methamphetamine within the trunk stored at Mr. White's apartment. (D.I. 70 at 4). "Constructive possession necessarily requires both dominion and control over an object and knowledge of that object's existence." *United States v. Cunningham*, 517 F.3d 175, 178 (3d Cir. 2008). The government has proffered sufficient information to tie the controlled buys evidence to the proper purpose of establishing necessary elements of the charged crime, knowledge and control. No link in the chain of inferences represents a forbidden propensity inference. The government's proffer is therefore sufficient to meet the requirements of admissibility under Rule 404(b).

## II. RULE 403

The controlled buys evidence must also satisfy the Rule 403 balancing test to be admissible. As described above, the controlled buys evidence has moderate probative value as circumstantial evidence tending to show Defendant constructively possessed the methamphetamine within Mr. White's apartment. There certainly exists a risk that this evidence

could be used by the jury for an improper character purpose (i.e., that merely because Defendant had sold methamphetamine on previous occasions, it is more likely that he possessed the methamphetamine within the trunk).

I note, however, that the government has detailed other evidence, which Defendant does not seek to exclude, that tends to show Defendant had access to, and control over, the trunk in which the methamphetamine was found. This evidence includes: (1) Mr. White's expected testimony that the methamphetamine in the trunk belonged to Defendant (D.I. 62 at 1); (2) expert testimony that Defendant's DNA samples "matched" DNA obtained from two of the three guns that were within the same trunk as the methamphetamine (*id.* at 4–5); and (3) Defendant's apparent involvement in transactions for methamphetamine (or "mef" or "ice" or "ice cream") as evidenced by text messages and phone location data showing he visited Mr. White's apartment shortly before or after these text messages (D.I. 70 at 2–3).

The jury's consideration of this separate evidence decreases the risk that the controlled buys evidence will create substantial unfair prejudice. The text messages in particular raise the same propensity inference concern presented by the controlled buys evidence—that because the Defendant appears to have sold methamphetamine on prior occasions, it is more likely that he possessed the methamphetamine in Mr. White's apartment. The government's use of the text messages at trial means the risk is already there. The additional offering of the controlled buys evidence does not significantly increase the risk of unfair prejudice. Of course, this other evidence also lowers the need for the controlled buys evidence. The text messages support a similar chain of inferences to the one presented by the controlled buys. I am convinced, however, that the controlled buys evidence has probative value that is not substantially outweighed by the risk of unfair prejudice. The risk of unfair prejudice can be (and will be )

further mitigated by presenting an appropriate limiting instruction to the jury. I find the controlled buys evidence admissible under Rule 403. I therefore decline to exclude evidence of the two controlled buys.

### III.  CONCLUSION

For the reasons stated above, Defendant's motion in limine to exclude Rule 404(b) evidence of the two controlled buys (D.I. 51) is **DENIED**.

The government is ordered to submit a proposed limiting instruction by 9 a.m. on Monday, January 8, 2024.

IT IS SO ORDERED.

Entered this 5th day of January, 2024

United States District Judge