UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-2416
_____

UNITED STATES OF AMERICA

v.

GEORGE GRIFFIN,
                Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1:23-cr-00033-001)
District Judge: Honorable Richard G. Andrews
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on February 19, 2025

Before: CHAGARES, *Chief Judge*, and BIBAS and RENDELL, *Circuit Judges*

_____

JUDGMENT
_____

This cause came to be considered on the record from the U.S. District Court for the District of Delaware and was submitted under Third Circuit L.A.R. 34.1(a) on February 19, 2025.

On consideration whereof, it is now **ORDERED** and **ADJUDGED** that the District Court's judgment entered on July 30, 2024, is hereby **AFFIRMED**. Costs will not be taxed. All of the above in accordance with the Opinion of this Court.

ATTEST:

s/ Patricia S. Dodszuweit
Clerk

Dated: February 24, 2025

Certified as a true copy and issued in lieu of a formal mandate on March 18, 2025

Teste: *Patricia A Dodszuweit*
**Clerk, U.S. Court of Appeals for the Third Circuit**

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-2416
_____

UNITED STATES OF AMERICA

v.

GEORGE GRIFFIN,
                Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1:23-cr-00033-001)
District Judge: Honorable Richard G. Andrews
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on February 19, 2025

Before: CHAGARES, *Chief Judge*, and BIBAS and RENDELL, *Circuit Judges*

(Filed: February 24, 2025)
_____

OPINION*
_____

BIBAS, *Circuit Judge*.

A jury convicted George Griffin of drug and gun crimes. Griffin says some of the trial evidence against him should not have been admitted. We disagree.

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

Police started investigating Griffin for drug dealing in June 2022. On August 3 and September 6, as police watched, an informant made two controlled buys of methamphetamine from him. Police also had a court order to trace Griffin's phones' location. Griffin was traveling often from his home in Maryland to Frank White's apartment in Delaware, making a trip two days before the second buy. Three days after the second buy, police watched Griffin go into White's apartment, come out, drive away, drive back to White's apartment, and then start fiddling under the hood of his car. As he then started to drive away again, police arrested Griffin. In the engine compartment of his car, they found a sock filled with 125 grams of cocaine; a later search of the car also turned up a cell phone that had text messages mentioning street terms for meth. They also arrested White, who consented to an apartment search and directed police to a chest and cardboard box in his bedroom. The chest held three guns; half a pound of meth; a vacuum sealer with matching bags; and Griffin's paystub, court papers, and father's wallet. The box contained a rifle.

Griffin was charged with possessing with intent to distribute cocaine and meth and being a felon in possession of a gun. At trial, White testified that he was storing the chest and box for Griffin. DNA found on three of the four guns matched Griffin; none of the guns had DNA matching White. Griffin's main defense was that White alone had possessed the guns and meth in the bedroom. Over Griffin's objection, the court admitted evidence of the two controlled buys, while offering a standard limiting instruction to mitigate the risk of unfair prejudice. The jury convicted Griffin on all counts. He now appeals, challenging the admission of the controlled buys and other evidence.

To the extent that Griffin properly objected to the District Court's evidentiary rulings, we review for abuse of discretion. *United States v. Titus*, 78 F.4th 595, 601 (3d Cir. 2023).

Griffin argues that the probative value of the controlled-buy evidence was substantially outweighed by the danger of unfairly prejudicing the jury. Fed. R. Evid. 403. But the probative value, as Griffin himself concedes, is that it helps show that he knew of and controlled the meth in White's bedroom. And the record shows that the District Court balanced that value against the danger of unfairly prejudicing the jury. The court explained why the controlled-buy evidence risked little additional prejudice beyond that already posed by the other, unobjected-to evidence: the DNA, White's testimony, and Griffin's text messages about dealing meth right around times when he visited White's apartment. The court also gave the jury a standard limiting instruction, warning it against inferring that Griffin had a propensity to commit crime. And Griffin rightly concedes that, apart from the balancing of probative value and prejudice, the controlled-buy evidence satisfied the other requirements for admission under Federal Rule of Evidence 404(b). *United States v. Caldwell*, 760 F.3d 267, 277–78 (3d Cir. 2014). So we cannot say that admitting this evidence was an abuse of discretion.

Griffin also claims that the District Court should have excluded other evidence as too prejudicial: that Griffin owned six phones, that the government had gotten a court order to access each phone's location, that none of the phones listed Griffin as a subscriber, that police targets often have phones subscribed to other people, and that the government was tracking the location of Griffin's car. Fed. R. Evid. 403. Griffin insists that he objected to this evidence at trial, but his objection did not cover much of this evidence. He also filed a

3

motion in limine that arguably covered this evidence. Even if Griffin's objections were adequate, admitting this evidence was not an abuse of discretion. The evidence was probative because it explained how police knew Griffin's location, which showed that Griffin often visited White's apartment while he was selling drugs, which in turn made it more likely that the drugs and guns found in White's apartment belonged to Griffin. And its probative value was not substantially outweighed by unfair prejudice. Any prejudice would have come from suggesting that Griffin was a drug dealer. But the jury was also directly told that Griffin had sold meth to two informants, evidence that was separately and properly admitted. The phone and tracking evidence at worst insinuated what the jury was told directly. So any prejudice was minimal.

    Because the District Court properly admitted all this evidence, we will affirm.

OFFICE OF THE CLERK

**PATRICIA S. DODSZUWEIT**

**CLERK**



UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA  19106-1790

Website: www.ca3.uscourts.gov

TELEPHONE
215-597-2995

March 18, 2025

Randall C. Lohan
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N King Street
Wilmington, DE 19801

RE: USA v. George Griffin
Case Number: 24-2416
District Court Case Number: 1:23-cr-00033-001

Dear District/Bankruptcy Clerk

Enclosed herewith is the certified judgment together with copy of the in the above-captioned case(s). The certified judgment is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

Counsel are advised of the issuance of the mandate by copy of this letter. The certified judgment shows costs taxed, if any.

For the Court,

s/ Patricia S. Dodszuweit
Clerk

Dated: March  18, 2025

jk/sb/cc:   George Griffin,
  Benjamin L. Wallace, Esq.
  Jennifer K. Welsh, Esq.